UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| DANIEL RILEA,<br>Individually and on behalf of all others<br>similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>VERSATILE ENERGY SERVICES,<br>CORPORATION (USA)<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:19- CV - 022<br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION<br>PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Daniel Rilea ("Plaintiff" or "Rilea")  brings this action individually and on behalf of all others similarly situated ("Plaintiff and the Putative Class Members") who worked for Versatile Energy Services Corporation (USA) ("Versatile") at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, and pursuant to Title 34 of the North Dakota Century Code and its implementing regulations, N.D. Admin. Code §§ 46-02-07-02, *et seq.*

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his North Dakota state-law claims are asserted as a class action under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23.

## I.
## OVERVIEW

1.      This lawsuit includes a collective action to recover minimum wages, overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to North Dakota state law and FED. R. CIV. P. 23.

2.    Plaintiff and the Putative Class Members are those similarly situated persons who worked for Versatile at any time during the relevant statutes of limitation through the final disposition of this matter and were not paid any overtime.

3.    Versatile improperly classified Plaintiff and the Putative Class Members as independent contractors.

4.    Although Plaintiff and the Putative Class Members routinely worked (and work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.    The decision by Versatile not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.    Versatile knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.    Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Ohio Acts and the PMWA as class actions pursuant to FED. R. CIV. P. 23.

8.    Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

9.    Plaintiff also prays that the Rule 23/North Dakota Class is certified as defined herein, and Plaintiff Rilea be designated as the Class Representative.

## II.
## THE PARTIES

10.    Plaintiff Daniel Rilea ("Rilea") was employed by Versatile during the relevant time period. Plaintiff Rilea did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11.    The Putative Class Members are those current and former workers who were employed by Versatile at any time during the relevant statutes of limitation and have been subjected to the same illegal pay system under which Plaintiff Rilea worked and was paid.

12.    Defendant Versatile Energy Services Corporation (USA) ("Versatile") is a domestic corporation, licensed to and doing business in North Dakota, and may be served through its registered agent for service of process: **Fremstad Law Firm, PLLC, 3003 32nd Avenue South, Suite 240, Fargo, North Dakota 58108-3143.**

## III.
## JURISDICTION AND VENUE

13.    This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14.    This Court has supplemental jurisdiction over the additional North Dakota state law claims pursuant to 28 U.S.C. § 1367.

15.    This Court has personal jurisdiction over Versatile because the cause of action arose within this district as a result of Versatile's conduct within this District.

16.    Venue is proper in the District of North Dakota because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] The written consent of Daniel Rilea is hereby attached as Exhibit "A."

17.     Specifically, Versatile is headquartered in Killdeer, North Dakota, and Plaintiff Rilea worked in North Dakota throughout his employment with Versatile, all of which are located within this District.

18.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

19.     Versatile provides a wide variety of oilfield services to the oil and gas industry, including but not limited to: production testing, effluent testing, water filtration, screen out packages, sand separators, production test separators, incinerators and flare stacks.[2]

20.     To provide their services, Versatile employed (and continues to employ) numerous oilfield workers—including Plaintiff Rilea and the individuals that make up the putative or potential class.

21.     While exact job titles may differ, these oilfield workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

22.     Plaintiff and the Putative Class Members provided oilfield services for Versatile's benefit and were all paid by the hour.

23.     Specifically, Plaintiff Rilea was employed by Versatile as a flowback operator from April 2017 until October 2017 and was paid $14.00 per hour but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

24.     Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, Versatile did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

---

[2] https://versatileenergy.com/services-equipment/.

25.     Plaintiff and the Putative Class Members' primary job duties related to providing oilfield services for Versatile, services which were (and continue to be) assigned by Versatile.

26.     Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Versatile and/or their clients.

27.     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by Versatile.

28.     Virtually every job function was pre-determined by Versatile, including how to perform the tasks set by Versatile, the schedule of work, and related work duties.

29.     In fact, Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

30.     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

31.     Indeed, Plaintiff and the Putative Class Members are blue-collar oilfield workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

32.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include the exercise of independent discretion or judgment.

33.     Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Versatile.

34.     Versatile determined the hours Plaintiff and the Putative Class Members worked.

35.     Versatile determined the clients Plaintiffs and the Putative Class serviced.

36.     Versatile set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

37.     Versatile set all employment-related policies applicable to Plaintiff and the Putative Class Members.

38.     Versatile maintained control over pricing and marketing. Versatile also chose equipment and product suppliers.

39.     Versatile owned or controlled the materials and supplies Plaintiff and the Putative Class Members used to perform their work.

40.     Versatile had the power to hire and fire Plaintiff and the Putative Class Members.

41.     Versatile made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly rate with no overtime pay.

42.     Versatile reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided the materials Plaintiff and the Potential Class Members used.

43.     Plaintiff and the Putative Class Members did not employ their own workers.

44.     Plaintiff and the Putative Class Members worked for Versatile on a permanent full-time basis.

45.     Versatile, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, and supplies. Moreover, Versatile paid operating expenses like rent, payroll, marketing, insurance, and bills.

46.     Plaintiff and the Putative Class Members relied on Versatile for their work.

47.     Versatile did not permit Plaintiff and the Putative Class Members to market any business or services of their own.

48.     Plaintiff and the Putative Class Members worked the hours assigned by Versatile, performed duties assigned by Versatile, worked on projects assigned by Versatile, and worked for the benefit of Versatile's customers.

49.     Versatile paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own

50.     Versatile improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Versatile for their work.

51.     Versatile paid Plaintiff and the Putative Class Members an hourly rate, but did not pay overtime for all hours worked over forty each week.

52.     Specifically, Plaintiff worked 84 hours or more each week for Versatile, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

53.     The FLSA and North Dakota state law require overtime be paid at one and one-half times an employee's regular rate of pay.

54.     Versatile denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

55.     Versatile applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of _**non-exempt**_ work.

56.     Accordingly, Versatile's pay policies and practices blatantly violated (and continue to violate) the FLSA and North Dakota state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

57.    All previous paragraphs are incorporated as though fully set forth herein.

58.    The FLSA Collective is defined as:

**ALL OILFIELD WORKERS WHO WERE EMPLOYED BY VERSATILE ENERGY SERVICES CORPORATION (USA), ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 24, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID HOURLY BUT NO OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

59.    At all material times, Versatile has been an employer within the meaning of Section 3(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

60.    At all times hereinafter mentioned, Versatile has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

61.    At all material times, Versatile has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Versatile has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

62.    Specifically, Versatile purchased materials through commerce, including uniforms for Plaintiff and the Putative Class Members, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, United States mail, and electronic mail.

63.    At all material times, Plaintiff and the FLSA Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

64.    At all material times, Versatile has had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

## B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

65.    Versatile violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment for all hours in excess of forty (40) per week at rates at least one and one-half times the regular rates for which they were employed.

66.    Versatile is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

67.    Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Versatile to pay according to the law.

68.    The decision and practice by Versatile to not pay any overtime was neither reasonable nor in good faith.

69.    Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked over forty each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to their overtime wages, in addition to attorneys' fees and costs.

## C.    COLLECTIVE ACTION ALLEGATIONS

70.    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Rilea.

71.    Other similarly situated employees have been victimized by Versatile's patterns, practices, and policies, which are in willful violation of the FLSA.

72.    The FLSA Collective Members are defined in Paragraph 58.

73.     Versatile's systematic failure to timely pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of Plaintiff Rilea.

74.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

75.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

76.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely and properly compensated for all hours worked in excess of forty (40) hours per workweek.

77.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt workers entitled to be paid the proper amount of overtime compensation for all hours worked over forty (40) each week.

78.     Versatile has employed (and continues to employ) numerous oilfield workers during the past three years.

79.     Absent a collective action, many members of the proposed FLSA class will not likely obtain redress of their injuries and Versatile will retain the proceeds of their rampant violations.

80.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

81.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 58 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of North Dakota State Law)

### A.  VIOLATIONS OF NORTH DAKOTA LAW

82.  All previous paragraphs are incorporated as though fully set forth herein.

83.  The North Dakota Class is defined as:

**ALL OILFIELD WORKERS WHO WERE EMPLOYED BY VERSATILE ENERGY SERVICES CORPORATION (USA), IN NORTH DAKOTA, AT ANY TIME FROM JANUARY 24, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID HOURLY BUT NO OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("North Dakota Class Members").**

84.  Versatile's policy and practice of failing to pay overtime at time-and-one-half of Plaintiff and the North Dakota Class Members' regular rates of pay violates Title 34 of the North Dakota Century Code and its implementing regulations.

85.  N.D. Admin. Code § 46-02-07-02 et seq. provides that overtime must be paid to all non-exempt employees for all hours worked in excess of forty (40) hours in a workweek.

86.  Plaintiff and the North Dakota Class Members are not exempt from receiving overtime under North Dakota state law.

### B.  NORTH DAKOTA CLASS ALLEGATIONS

87.  Versatile's policy and practice of failing to pay overtime as required by North Dakota state law affects members of the North Dakota Class in a substantially similar manner.

88.  Plaintiff and the North Dakota Class Members have claims based on the same legal and remedial theories.

89.  Plaintiff and the North Dakota Class Members have claims based on the same facts.

90.  Therefore, Plaintiff's claims are typical of the North Dakota Class Members' claims.

91.  Class action treatment of the North Dakota Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

92.    The number of North Dakota Class Members is so numerous that joinder of all class members is impracticable.

93.    Plaintiff is a member of the North Dakota Class, his claims are typical of the claims of other North Dakota Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other North Dakota Class Members.

94.    Plaintiff and his counsel will fairly and adequately represent the North Dakota Class Members and their interests.

95.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

96.    Accordingly, the North Dakota Class should be certified as defined in Paragraph 83.

## VI.
## RELIEF SOUGHT

97.    Plaintiff respectfully prays for judgment against Versatile as follows:

a.    For an Order certifying the FLSA Collective as defined in Paragraph 58 and requiring Verstaile to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order pursuant to Section 16(b) of the FLSA finding Versatile liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.       For an Order certifying the North Dakota Class as defined in Paragraph 83, and designating Plaintiff Rilea as Representative of the North Dakota Class;

e.       For an Order pursuant to North Dakota state law awarding Plaintiff Rilea and the North Dakota Class Members all unpaid overtime and other applicable damages allowed by law;

f.       For an Order awarding the costs and expenses of this action;

g.       For an Order awarding attorneys' fees;

h.       For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.       For an Order awarding Plaintiff Rilea a service award as permitted by law;

j.       For an Order compelling the accounting of the books and records of Versatile, at Versatile's expense; and,

k.       For an Order granting such other and further relief as may be necessary and appropriate.

Date:   January 24, 2019                    Respectfully submitted,

                                            **ANDERSON ALEXANDER, PLLC**

                        By:       /s/ Clif Alexander
                                  **Clif Alexander**
                                  Texas Bar No. 24064805
                                  clif@a2xlaw.com
                                  **Austin W. Anderson**
                                  Texas Bar No. 24045189
                                  austin@a2xlaw.com
                                  819 N. Upper Broadway
                                  Corpus Christi, Texas 78401
                                  Telephone: (361) 452-1279
                                  Facsimile: (361) 452-1284


                                  WILLIAMS ATTORNEYS, PLLC
                                  By: /s/ Justin L. Williams
                                  Justin L. Williams
                                  North Dakota Bar No. 08347

*Original Collective/Class Action Complaint*                    Page 13

Federal Bar No. 331
500 N. Water Street, Suite 500
Corpus Christi, TX 78401
Telephone: (361) 885-0184
Email: justin@williamstrial.com
Service:service@williamstrial.com

PAGEL WEIKUM, PLLP
1715 Burnt Boat Drive
Madison Suite
Bismarck, ND 58503
(701) 250-1369
Correspondence:*jweikum@pagelweikum.com*
Service: *jweikum@pagelweikum.com*
By: */s/ Jeffrey S. Weikum*
Jeffrey S. Weikum
ND Lic. No.: 05344

**Attorneys for Plaintiff and the Putative Class Members**